# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### April 18, 2006 Session

## STATE OF TENNESSEE v. CHARLES L. WILLIAMS

**Appeal from the Criminal Court for Davidson County**
**No. 2003-D-3000          Monte Watkins, Judge**

_____

**No. M2005-00836-CCA-R3-CD - Filed November 29, 2006**

_____

JOSEPH M. TIPTON, J., concurring and dissenting.

I concur in the results and most of the reasoning in the majority opinion. In this regard, I view the prosecutor's improper statements to be a matter of serious concern. I disagree, however, with the opinion's conclusion that the trial court erred by instructing the jury as to a reckless mental state regarding rape of a child.

As the opinion notes, this court has held that sexual penetration relates to both nature of the conduct and result of the conduct mental state element. See State v. Chester Wayne Walters, No. M2003-03019-CCA-R3-CD, White County, slip op. at 14 (Tenn. Crim. App. Nov. 30, 2004), perm. app. denied (Tenn. Mar. 21, 2005). In fact, the majority opinion provides the statutory definition of reckless, which includes application to the result of conduct, and then states that unlawful sexual penetration, "a nature of conduct and result of conduct element, may be satisfied only by the culpable mental states of 'intentional' or 'knowing' -- and not by a mens rea of 'reckless.'" I think this conclusion actually contradicts the statutory definition of reckless. In any event, I would hold that the trial court did not err in instructing the jury regarding all three mental states applying to rape of a child. I am authorized to say that Judge Williams joins in this opinion.

_____
JOSEPH M. TIPTON, JUDGE